UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JACKIE GLISPIE,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 12-2060 |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS, et a.,** ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

Plaintiff Jackie R. Glispie, proceeding *pro se*, brings suit under 42 U.S.C. § 1983, for failure to protect him or respond to his grievances, against the Illinois Department of Corrections ("IDOC") and others. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims raise a federal question.

In September 2012, Defendant IDOC filed a Motion to Dismiss (#21) for failure to state a claim. Shortly thereafter, Plaintiff filed a response in opposition (#26). After considering the parties' pleadings and memoranda, the Court recommends that Defendant IDOC's Motion to Dismiss **(#21)** be **GRANTED**.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss for failure to state a claim, the Court evaluates the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Where, as here, the plaintiff proceeds *pro se*, the Court liberally construes the complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Defendant IDOC contends that it may not be sued under 42 U.S.C. § 1983 because it is a state agency and, therefore, not a "person" under § 1983, and because it is immune from suit,

pursuant to the Eleventh Amendment. Plaintiff responds that the Eleventh Amendment "only bars suits against state employees in their official capacities which seek retrospective relief from the state treasury, as opposed to the state employees' own pocket." (#26, p. 2.) Plaintiff maintains that he seeks not only money damages, but also injunctive relief, against Defendant IDOC.

No matter what relief Plaintiff seeks against Defendant IDOC, his claim against IDOC is barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, — F.3d —, No. 12-209, 2012 WL 4458347, at *1 (7th Cir. Sept. 27, 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983 . . . ." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989))); *see* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added)). Plaintiff states a correct point of law that immunity under the Eleventh Amendment does not bar suits for declaratory and injunctive relief against state *employees* sued in their official capacities, *see Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907-08 (7th Cir. 1991), but that argument does not save his claim against IDOC, a state *agency*, even though he seeks injunctive relief. Separate and apart from IDOC's immunity under the Eleventh Amendment, IDOC does not constitute a "person" that may be sued under § 1983. *See Thomas*, — F.3d at —, 2012 WL 4458347, at *1 (distinguishing a state agency's statutory defense that it is not a "person" under
§ 1983 from a state agency's constitutional defense of Eleventh Amendment sovereign immunity, and admonishing that courts should decide matters on statutory grounds before reaching constitutional grounds).

Therefore, the Court recommends that Defendant IDOC's Motion to Dismiss **(#21)** be **GRANTED** and that Defendant IDOC be dismissed from this case.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 24th day of October, 2012.

                                  s/DAVID G. BERNTHAL
                             UNITED STATES MAGISTRATE JUDGE